SAMUEL WILLIAMS and AMOS WILLIAMS v. CALEB C. WIL-
LIAMS.

A writ of *ne exeat* will not issue unless there is a debt due from the defendant to the complainant, or unless the complainant is entitled to an account.

THE cause was heard on the twenty-sixth of September, 1834, upon motion for an injunction and *ne exeat* on the bill filed. It appeared by the bill that the complainants had agreed to purchase a lot of land of the defendant, in the county of Essex, and had paid one half the purchase money, and been let into possession. The defendant then refused to execute a deed, or to receive the balance of the purchase money, solely on the ground, as the complainants charge, that he has been offered an advance on the property, and intends to convey it to some other person. The bill charges, that the defendant has lately sold out his property in this state, and intends in a few days to remove with his family into the state of Ohio; and that unless restrained by the order of the court, he will convey away the said property and withdraw himself permanently from the state.

*C. H. Halsey*, for the application.

THE CHANCELLOR. This is a proper case for an injunction, but not for a *ne exeat*. Here is no debt, either legal* or equitable, due from the defendant to the complainants, nor are the complainants entitled to an account. Such a demand is necessary to sustain the writ. This is the general rule. In this case, there is not even a claim for damages; and if there were such claim, it would not be sufficient: *Eden* v. *Rathbone, Opin. of Ch. Wil-*

* The writ is only granted in case of an *equitable* debt or demand, and is not granted for a mere legal demand, for which the defendant may be held to bail, except in a matter of account or in a suit for alimony: *Amsinck* v. *Barklay*, 8 *Vesey*, 594; *Pearne* v. *Lisle*, 1 *Ambler*, 75; *Flack* v. *Holm*, 1 *Jac. and W.* 405; *Anon.*, 2 *Atk.* 210; 1 *Smith's Chan. Prac.* 576; 2 *Mad. Chan. Prac.* 227.

[Williams v. Williams.]

*Miamson, Jan.* 1828; *Beame's Ne Ex.* 37; 2 *Madd. Chan.* 226; 1 *Jac. and Walk.* 405; 2 *Jac. and Walk.* 213; 10 *Ves.* 166.

It is to be presumed that the injunction will be sufficient to restrain the party from an improper conveyance of the property; and if so, it is a matter of little consequence to the complainants whether he leave the state or remain. The suit can proceed in his absence; and if the decree be in favor of the complainants, it will operate as a conveyance in case the defendant fails to execute a deed according to the order of the court: *Rev. Laws,* 499. If, notwithstanding the injunction, the defendant should execute a conveyance, the proper remedy will be by attachment for a contempt; and in such case, if he had removed out of the state, the defendant would be deprived of that remedy, and there might possibly be a failure of justice. But the court cannot consent to grant this high prerogative writ, on the assumption that a party will disobey its solemn injunction, and render himself obnoxious to its censure and punishment.

The motion for a *ne exeat* is denied. Let an injunction issue.